1  BLUE WATER LAW, P.C.
   Thomas A. Brackey II (SBN 162279)
2  *tom@bluewater.law*
   Courtney R. Blackwell (SBN 306118)
3  *courtney@bluewater.law*
   520 Broadway, 2nd Floor
4  Santa Monica, CA 90401
   Tel: 310-598-3608
5
6  Attorneys for Plaintiff,
      COLLAB, LLC
7
8
                UNITED STATES DISTRICT COURT
9
                CENTRAL DISTRICT OF CALIFORNIA
10
11
12 | COLLAB, LLC, a California Limited         | Case No.
     Liability Company,
13 |                                           |
                  Plaintiff,                    COMPLAINT FOR:
14 |                                           |
          v.                                    1. Violation of 17 U.S.C. §101, et seq.
15 |                                           |    (Copyright Infringement);
   Johnathan Smith a/k/a Mad Bad, an           2. Unfair Competition (Violation of
16 individual; and DOES 1 through 10,             Business and Professions Code
   inclusive,                                     §17200, et seq.);
17 |                                           | 3. Unjust Enrichment;
                  Defendants.                   4. Demand for Accounting;
18 |                                           | 5. Constructive Trust; and
                                                6. Permanent Injunction.
19
20                                              [DEMAND FOR JURY TRIAL]
21
22
23
         Plaintiff, COLLAB, LLC (hereinafter "Collab"), by and through its attorneys
24
   Blue Water Law, P.C., hereby complains and alleges as follows:
25
                        **JURISDICTION AND VENUE**
26
      1.  This is a civil action arising under the United States Copyright Act. This
27
   Court has federal question jurisdiction over this action pursuant to 15 U.S.C. §1121,
28
                                           1
                                       COMPLAINT

17 U.S.C. § 501, 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) as well as pendant jurisdiction over all state claims.

2. Exercise of specific personal jurisdiction over Defendant is consistent with the principles of due process as enumerated in the California and U.S. Constitutions, as Defendant has minimum contacts with California such that maintenance of this suit does not offend traditional notions of fair play and substantial justice. Upon information and belief: (1) Defendant operates at least one business through which it has specifically targeted Californians; (2) Defendant has intentionally infringed Collab's copyrights, which acts are expressly aimed at Collab's business activities in California, and have harmed Collab, the brunt of which it has suffered, and which Defendant know is likely to be suffered, in California; and (3) Collab's claims arise out of or result from the Defendant's activities in California.

3. Venue is proper in this district pursuant to 28 U.S.C. Section 1391(b) and 28 U.S.C. §1400(a).

**INTRODUCTION**

4. This Complaint is brought to redress Defendant JOHNATHAN SMITH a/k/a MAD BAD ("Defendant")'s willful violation of Plaintiff COLLAB, LLC ("Collab")'s exclusive interest in the copyrighted motion picture works located at https://www.youtube.com/watch?v=RHPnXUEarok, entitled "Pennywise The Dancing Clown Balloon Prank – Try Not To Laugh;" https://www.youtube.com/watch?v=6m4isWlUlRE, entitled "Friday The 13th Scare Prank;" and https://www.youtube.com/watch?v=vfL35sSFSog, entitled "Viral Video UK Crazy Road Rage in Toronto," which are currently pending registration with the United States Copyright Office, bearing Service Request Nos. 1-6095591581, 1-6098758401, and 1-6098758508, respectively (the "Works"). With full knowledge of Collab's copyright in the Works, and without Collab's permission, Defendant blatantly copied unique and significant portions of the Works

and included them in a series of widely distributed YouTube videos on his "Mad Bad" YouTube Channel, located at https://www.youtube.com/channel/UCncV9Fsp-Ydn_uNeGElciyg, thereby infringing on the copyrights exclusively licensed by Collab. Collab requests statutory and/or actual damages and an injunction under the U.S. Copyright Act, 17 U.S.C. § 101, et seq., along with monetary and injunctive remedies for Defendant's unauthorized exploitation of the Works and unjust enrichment therefrom.

## THE PARTIES

5.  Plaintiff COLLAB, LLC is a California limited liability company with its principal place of business in Los Angeles, California. Collab provides YouTube content monetization, content claiming, content management, and other related services for YouTube content creators. It creates significant value for its clients by managing, selling, and exploiting their original content to generate revenue. Collab is the exclusive licensee of the derivative rights in the Works. Collab also holds, via written instrument, the right to prosecute claims relating to the Works.

6.  Plaintiffs are informed and believe, and based thereon allege, that Defendant JOHNATHAN SMITH a/k/a MAD BAD ("Mad Bad") is an individual residing in New York. Upon information and belief, Mad Bad is a well-known YouTube channel owner who specializes in prank compilation videos. Upon information and belief, Mad Bad compiles, claims ownership in, and receives the revenue streams from the YouTube videos located at https://www.youtube.com/watch?v=B07k2x3cJ34, entitled "Top 10 Most Extreme Road Rage Compilation [2017];" https://www.youtube.com/watch?v=kiSm4sP5rxY, entitled "Top 10 Most Extreme Dash Cam Road Rage Videos [2017];" https://www.youtube.com/watch?v=yFKXjqOU0HU, entitled "Top 10 Funny Scare Pranks - Halloween Scare Pranks [2016];" and

https://www.youtube.com/watch?v=_Ew3TTDlM3g entitled "Top 10 Funniest Scare Pranks Compilation [2014]" (collectively, the "Infringing Videos").

7. Plaintiff is unaware of the names and true capacities of Defendants named herein as DOES 1 through 10, inclusive, whether individual, corporate, partnership and/or other entity, and therefore sue them by their fictitious names. Plaintiff will seek leave to amend this Complaint when their true names and capacities are ascertained.

8. Plaintiff is informed and believes, and based thereon alleges, that Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants, each of whom obtained financial benefit from the Defendants' acts and omissions, and each of whom was acting within the course and scope of said agency and employment.

9. Plaintiff is informed and believes, and based thereon allege, that at all relevant times herein, Defendants MAD BAD, and DOES 1 through 10, inclusive, did aid, abet, participate in, contribute to, or benefit from the acts and behavior alleged herein and the damages caused thereby, and/or by their inaction ratified and encouraged such acts and behavior.

## FACTUAL BACKGROUND

10. Collab, LLC is a digital talent network and entertainment studio that assists online content creators in managing, monetizing, and distributing their original content.

11. On October 18, 2014, content owner RIP Films, LLC ("RIP") posted an original video on its YouTube playlist YouTube.com/playlist?list=PL3643329C1980DBBD, bearing URL https://www.youtube.com/watch?v=6m4isWlUlRE, entitled "Friday The 13th Scare

Prank," which is currently pending registration with the United States Copyright Office, bearing Service Request # 1-6098758401 ("Subject Work No. 1").

12. On July 2, 2015, content owner Viral Videos UK Ltd. ("VVUK") posted an original video on its YouTube channel YouTube.com/user/ViralVideoUK1, bearing URL https://www.youtube.com/watch?v=vfL35sSFSog, entitled "Viral Video UK Crazy Road Rage in Toronto," which is currently pending registration with the United States Copyright Office, bearing Service Request # 1-6098758508 ("Subject Work No. 2").

13. On October 14, 2015, content owner RIP posted an original video on its YouTube playlist YouTube.com/playlist?list=PL3643329C1980DBBD, bearing URL https://www.youtube.com/watch?v=RHPnXUEarok, entitled "Pennywise The Dancing Clown Balloon Prank – Try Not To Laugh," which is currently pending registration with the United States Copyright Office, bearing Service Request # 1-6095591581 ("Subject Work No. 3").

14. In 2015, by written agreements, RIP and VVUK granted Collab the exclusive right to prepare derivative works based upon, the exclusive right to administer content claiming and monetization services across the YouTube platform for, and the right to prosecute claims relating to the video content located at YouTube.com/user/ViralVideoUK1 and YouTube.com/playlist?list=PL3643329C1980DBBD, including the Works, and other YouTube channels and videos as provided from time to time.

15. In 2015, Defendant Johnathan Smith a/k/a Mad Bad ("Mad Bad") posted a video on his YouTube channel, located at https://www.youtube.com/watch?v=_Ew3TTDlM3g "Top 10 Funniest Scare Pranks Compilation [2014]" ("Infringing Video No. 1").

16. In 2017, Mad Bad posted a video on his YouTube channel, located at https://www.youtube.com/watch?v=yFKXjqOU0HU "Top 10 Funny Scare Pranks - Halloween Scare Pranks [2016]" ("Infringing Video No. 2").

17. In 2017, Mad Bad posted a video on his YouTube channel, located at https://www.youtube.com/watch?v=B07k2x3cJ34, entitled "Top 10 Most Extreme Road Rage Compilation [2017]" ("Infringing Video No. 3") and another video located at https://www.youtube.com/watch?v=kiSm4sP5rxY, entitled "Top 10 Most Extreme Dash Cam Road Rage Videos [2017]" ("Infringing Video No. 4").

18. Infringing Video No. 1 copies original and unique portions of Subject Work No. 1, appearing from 4 minutes into Infringing Video No. 1 and continuing for 1 minute 20 seconds.

19. Infringing Video No. 2 copies original and unique portions of Subject Work No. 3, appearing from 1 minute 10 seconds into Infringing Video No. 2 and continuing for 1 minute 20 seconds.

20. Infringing Video No. 3 copies original and unique portions of Subject Work No. 2, appearing from 6 minutes 36 seconds into Infringing Video No. 3 and continuing for 1 minute 22 seconds.

21. Infringing Video No. 4 copies original and unique portions of Subject Work No. 2, appearing from 9 minutes 30 seconds into Infringing Video No. 4 and continuing for 1 minute 18 seconds.

22. Upon information and belief, Infringing Videos Nos. 1 through 4, and derivative works thereof, were compiled, distributed, and otherwise exploited by Mad Bad.

23. The Infringing Videos were released, distributed and marketed throughout the United States, including California, and throughout the rest of the world.

24. On January 6, 2016, Collab sent a Copyright Takedown notice to YouTube concerning Infringing Video No. 1, which was received by Defendant and to which he responded, admitting copying, but refusing to take down the Infringing Video.

25. On November 29, 2017, Collab updated its YouTube Copyright Takedown notice to include Infringing Videos Nos. 2 through 4, which was received by Defendant and to which he responded, admitting copying, but refusing to take down the Infringing Videos.

26. At this time, Defendant continues to engage in infringing activities.

## FIRST CAUSE OF ACTION

## Copyright Infringement in violation of 17 U.S.C. § 101, *et seq.*

### (Against All Defendants)

27. Collab realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 26, inclusive.

28. Collab is the exclusive licensee of the right to create derivative works based on the Works. The Works are pending registration with the United States Copyright Office.

29. Defendants intentionally and knowingly infringed the copyright in the Works by reproducing, adapting, copying, publicly distributing, publicly displaying, publicly performing and otherwise exploiting distinct, important and recognizable portions of the Works without Collab's consent. In so doing, Defendants acted in violation of Collab's exclusive rights under the Copyright Act.

30. Collab did not and does not authorize any of the Defendants, or any of Defendants' agents, to utilize, reproduce, adapt, copy, create derivative works, distribute, display, or otherwise exploit any portion of the Works, or to interpolate any portion of the Works into the Infringing Videos, or any of them.

31. As a direct result of Defendants' willful acts of copyright infringement as described herein, Collab has suffered substantial damage, in an amount to be proven at trial.

32. Since Defendants' acts have also caused Collab irreparable, ongoing injury of a nature that cannot be adequately compensated or measured in damages, Collab has no adequate remedy at law and will suffer immediate and irreparable loss, damage and injury unless Defendants are restrained and enjoined from continuing to engage in such wrongful conduct.

## SECOND CAUSE OF ACTION

## Unfair Competition Pursuant to California Business And Professions Code § 17200, *et seq.*

## (Against All Defendants)

33. Collab realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 32, inclusive.

34. The acts and omissions of Defendants alleged in this Complaint constitute unlawful and unfair business practices, in violation off California Business & Professions Code § 17200, *et seq.*

35. Defendants' unlawful business practices include, without limitation, Defendants' infringement of Collab's copyright interests.

36. Defendants also unfairly interfered with Collab's ability to compete by infringing Collab's copyright interests and diluting the value of Collab's interest in the Works.

37. This conduct was unfair because it offends established public policy and was immoral, unethical, and unscrupulous. Specifically, Defendants have developed, compiled, reproduced, adapted, distributed, displayed, or otherwise exploited videos using direct copies of Subject Works Nos. 1 through 4 as described above. Defendants have been put on notice that their conduct violates federal and

state law, and have refused to remove the Infringing Videos. This conduct, as well as other conduct identified herein, constitutes unfair business practices in violation of California Business & Professions Code § 17200, *et seq.*

38.  Defendants have acted deliberately with the intent to unfairly benefit from the expense, time, effort and labor expended by Collab in developing and promoting the Works and its intellectual property related thereto, and with callous disregard for Collab's rights.

39.  As a result of Defendants' conduct, Defendants have been or will be unjustly enriched in an amount to be proven at trial, for which Collab seeks restitution.

40.  The unlawful and unfair business practices undertaken by Defendans have caused irreparable harm to Collab for which Collab has no adequate remedy at law, and those unlawful business practices will continue to cause such irreparable harm unless restrained by this Court.

### THIRD CAUSE OF ACTION
### Unjust Enrichment
### (Against All Defendants)

41.  Collab realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 40, inclusive.

42.  By reason of the foregoing facts, Defendants, and each of them, have become unjustly enriched at the expense of Collab by failing to license from Collab the right to use the Works and by realizing monetary gain from their unauthorized use of the Works.

43.  Defendants, and each of them, have been unjustly enriched in an amount which cannot be precisely ascertained at this time, but will be ascertained according to proof at trial.

/ / /

## FOURTH CAUSE OF ACTION

### Demand for Accounting

### (Against All Defendants)

44. Collab realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 43, inclusive.

45. As seen above, Collab has an interest in all of the money that is generated from the distribution and exploitation of the Infringing Videos in that they are the exclusive copyright licensees of the Works.

46. Collab is informed and believes that Defendants have generated an undetermined, yet substantial amount of money, due to the commercial success of the Infringing Videos through sales, distribution, promotion, circulation, and other exploitation of the Works, and as contained on other compilations and fixations.

47. The amount of money due from Defendants is unknown to Collab and cannot be ascertained without an accounting of all of the Defendants' financial records related to the Infringing Videos.

48. As a result of Defendants' actions, or lack thereof, Collab has been damaged in an amount to be proven after an accounting has been conducted. Accordingly, Collab hereby requests that the Court order an accounting of all of Defendants' financial records related to the Infringing Videos in order to determine the sums rightfully due to Collab. Furthermore, Collab demands that those sums be paid to it.

## FIFTH CAUSE OF ACTION

### Constructive Trust

### (Against All Defendants)

49. Collab realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 48, inclusive.

50. Collab is informed and believes Defendants have generated an undetermined, yet substantial amount of money due to the commercial success of the Infringing Videos through sales, distribution, promotion, circulation, administration and other exploitation of the Infringing Videos.

51. As seen above, Collab is entitled to all of the money that is generated from the nonconsensual exploitation of the Works in that they are entitled to receive all profits and a licensing fee. Collab has not given their consent for Defendants to utilize their original Works to create the Infringing Videos; therefore, Collab has not been paid any licensing fee conferring such privilege on Defendants.

52. By failing to provide Collab with the licensing fee required to create and exploit the Infringing Videos, Defendants have violated Collab's rights and have been unjustly enriched in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### Permanent Injunction

### (Against All Defendants)

53. Collab realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 52, inclusive.

54. In or about March 2015 and continuing until the present, Defendants, and each of them, have promoted, advertised, administered, sold and otherwise exploited the Infringing Videos, or caused the Infringing Videos to be promoted, advertised, administered, sold and otherwise exploited, without Collab's consent and without payment.

55. These actions by and on behalf of Defendants are wrongful and should be enjoined in that they have caused, and continue to cause, Collab great and irreparable injury.

56. Collab has no other plain, speedy or adequate remedy at law, and the injunctive relief prayed for below is necessary and appropriate at this time to prevent irreparable loss to Collab's interests.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff COLLAB, LLC prays for judgment against Defendants, and each of them, as follows:

1. That the Court enter judgment in favor of Collab and against Defendants.

2. That the Court adjudge and decree that Defendants have willfully infringed Collab's exclusive rights under copyright law;

3. That Defendants, and those acting in concert with them, be permanently enjoined from engaging in further acts which infringe Collab's copyright interests;

4. That Defendants, and those acting in concert with them, be permanently enjoined from using, displaying, or otherwise broadcasting any of the Infringing Videos in any medium, including but not limited to YouTube;

5. That Defendants be ordered to account for and recall from distribution channels any and all copies of the Infringing Videos so as to permanently remove them from the stream of commerce;

6. That the Court order that the Infringing Videos be taken down from Defendants' YouTube channel;

7. That the Court order an accounting of all Defendants' financial records relating to the Infringing Videos in order to determine the sums of money owed to Collab;

8. An award of damages pursuant to 17 U.S.C. § 504(b), including actual damages, and the Defendants' profits at an amount to be proven at trial;

9. That Defendants disgorge all profits derived from their wrongful conduct;

10. That the Court imposes an actual or constructive trust upon Defendants in favor of Collab with respect to all income received by them from exploitation of the Infringing Videos;

11. An award of restitution in an amount greater than or equal to Defendants' unjust enrichment, the value of which is to be determined by proof at trial;

12. Interest at the maximum legal rate;

13. All reasonable attorney's fees and costs incurred herein; and

14. That the Court grants such other, further, and different relief as the Court deems just and proper under the circumstances.

DATED: December 15, 2017          BLUE WATER LAW, P.C.


By:   _/Thomas A. Brackey II/____
      Thomas A. Brackey II,
      Courtney R. Blackwell
      Attorneys for Plaintiff,
      COLLAB, LLC

13
COMPLAINT

# **DEMAND FOR JURY TRIAL**

Plaintiff COLLAB, LLC hereby demand a jury trial on all issues triable of right by jury

DATED: December 15, 2017        BLUE WATER LAW, P.C.


                                By:    /Thomas A. Brackey II/
                                       Thomas A. Brackey II,
                                       Courtney R. Blackwell
                                       Attorneys for Plaintiff,
                                       COLLAB, LLC

COMPLAINT